**CEM**

**FILED
DECEMBER 14, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

A CERTIFIED TRUE COPY
ATTEST
By Mecca Thompson on Dec 14, 2007

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Dec 14, 2007**

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OCWEN FEDERAL BANK FSB MORTGAGE
SERVICING LITIGATION
   Wendy Adelson v. Ocwen Financial Corp., et al.,  )
       E.D. Michigan, C.A. No. 4:07-13142     )

**JUDGE NORGLE**

MDL No. 1604

**07 C 7208**

### TRANSFER ORDER

      **Before the entire Panel**[*]: Plaintiff in this action moves pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the action to the Northern District of Illinois for inclusion in MDL No. 1604. Defendants Ocwen Financial Corp. and Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB (Ocwen), oppose the motion.

      After considering all counsel's argument, we find that this action involves common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of this action to the Northern District of Illinois for inclusion in MDL No. 1604 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Northern District of Illinois was a proper Section 1407 forum for actions involving allegations that Ocwen and/or other defendants engaged in unfair loan servicing and/or debt collection practices (1) in violation of various federal and/or state statutes, and/or (2) based upon various common law theories of liability. *See In re Ocwen Federal Bank FSB Mortgage Servicing Litigation,* 314 F.Supp.2d 1376 (J.P.M.L. 2004).

      Plaintiff's pending motion for remand to state court can be presented to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

      [*] Judge Scirica took no part in the disposition of this matter.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Charles R. Norgle, Sr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

                              PANEL ON MULTIDISTRICT LITIGATION

                              _____
                                    John G. Heyburn II
                                        Chairman

D. Lowell Jensen            J. Frederick Motz
Robert L. Miller, Jr.         Kathryn H. Vratil
David R. Hansen             Anthony J. Scirica[*]