# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

WENDY ADELSON,

    Plaintiff,

v

OCWEN FINANCIAL CORPORATION,
a foreign corporation, OCWEN LOAN
SERVICING LLC, a foreign corporation,
HSBC BANK, USA, N.A., assignee,
a foreign corporation, ACE SECURITIES
CORP., HOME EQUITY LOAN TRUST
2007-HE1, a foreign corporation,

    Defendants.

Case No: 4:07-cv-13142

Hon. Paul V. Gadola

| Lehman & Valentino, P.C. | POTESTIVO & ASSOCIATES, P.C. |
|---|---|
| By: Paul G. Valentino (P34239) | By: Brian A. Potestivo (P42893) |
| Attorney for Plaintiff |     David G. Marowske (P57261) |
| 43494 Woodward Ave., Ste. 203 |     Amy E. Muszall (P64935) |
| Bloomfield Hills, MI 48302 | Attorney for Defendants |
| (248) 334-7787 | 811 South Blvd. E, Suite 100 |
| | Rochester Hills, MI 48307 |
| | (248) 853-4400 |

## ANSWER TO COMPLAINT

NOW COME, Defendants, Defendants Ocwen Loan Servicing, LLC ("Ocwen"), HSBC Bank USA, N.A. ("HSBC"), as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 (the "Ace Securities Trust"), by and through their attorneys, Potestivo & Associates, P.C., and for their Answer to Plaintiff's Complaint state as follows:

Our File No. 07-73391                              1

## JURISDICTION

1.  Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

2.  Denied as untrue.

3.  Denied as untrue.

4.  No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

5.  No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

6.  Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

## COMMON ALLEGATIONS

Defendants incorporate by reference their answers to paragraphs 1-6.

7.  Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

8.  Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

9.  Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

10. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

11. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

12. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

13. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

14. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

15. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

16. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

17. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

18. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

19. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

20. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

21. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

22. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

23. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

24. As to the allegation that Sebring was the only lender recorded with the Oakland County Register of Deeds on the date of May 1, 2007, neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs. As to the allegation that there was no assignment recorded from Sebring to Ocwen, admitted as true, as Ocwen is merely a servicer. As to the allegation that there was no assignment recorded from Sebring to HSBC as trustee for Ace, denied as untrue.

25. As to the allegation that Plaintiff sent a formal demand letter to Ocwen and that an Ocwen agent signed an acknowledgment of receipt, neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs. As to the allegation that Ocwen "forwarded Plaintiff's mortgage account to the law office of Potestivo & Associates, P.C., to begin foreclosure proceedings" as a response to Plaintiff's written request, denied as untrue.

26. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

27. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

28. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

29. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

30. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

31. As to Ocwen's last notice of default sent by certified mail being dated April 17, 2007, admitted as true. As to Plaintiff's mailing of a written dispute letter to Ocwen, neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs. As to the allegation that Ocwen transferred Plaintiff's mortgage loan to its foreclosure attorney on June 1, 2007, denied as untrue.

32. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

33. Admitted as true, insofar as that was the originally scheduled foreclosure sale date.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

## COUNT I
## WRONGFUL FORECLOSURE AND DECLARATORY ACTION

34. Defendants incorporate by reference their answers to paragraphs 1-33.

35. As to Defendants committing a wrongful foreclosure action, no response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

    (a) As to Ocwen, neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs. As to HSBC as trustee for Ace, denied as untrue.
    (b) Denied as untrue.
    (c) Denied as untrue.
    (d) Denied as untrue.
    (e) No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

Our File No. 07-73391                                                5

  (f) No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.
  (g) Denied as untrue.

36. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

37. Denied as untrue.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

## COUNT III [sic]
## BREACH OF CONTRACT

38. Defendants incorporate by reference their answers to paragraphs 1-37.

39. As to Defendants committing a wrongful foreclosure action, no response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

  (a) Denied as untrue.
  (b) Denied as untrue.
  (c) Denied as untrue.
  (d) Denied as untrue.
  (e) No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.
  (f) No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.
  (g) Denied as untrue.

40. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

41. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

42. Admitted as true.

Our File No. 07-73391            6

43. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

44. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

45. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

46. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

47. As to Plaintiff's allegation that she was not notified of the assignment of the mortgage from Sebring to HSBC, neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs. As to the allegations that Ocwen was only assigned a right to service the mortgage and that Ocwen has no interest in Plaintiff's property, neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.. As to the allegation that HSBC as trustee for Ace has no interest in the property, denied as untrue.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

### COUNT IV [sic]
### TERMINATE FORECLOSURE BY ADVERTISING [sic] AND FOR TEMPORARY AND PERMANENT RESTRAINING ORDER

48. Defendants incorporate by reference their answers to paragraphs 1-47.

Our File No. 07-73391                                7

49. No response is necessary as the allegation pleads a prayer for relief, not fact. To the extent that a response is necessary, denied as untrue.

50. No response is necessary as the allegation pleads a prayer for relief, not fact. To the extent that a response is necessary, denied as untrue.

51. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

52. No response is necessary as the allegation pleads a prayer for relief, not fact. To the extent that a response is necessary, denied as untrue.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

## COUNT V [sic]
## QUIET TITLE

53. Defendants incorporate by reference their answers to paragraphs 1-52.

54. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

55. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

56. Neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

57. No response is necessary as the allegation pleads law and a prayer for relief, not fact. To the extent that a response is necessary, denied as untrue.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

### COUNT VI [sic]
### NEGLIGENCE AND GROSS NEGLIGENCE

58.   Defendants incorporate by reference their answers to paragraphs 1-57.

59.   Denied as untrue.

60.   Denied as untrue.

61.   Denied as untrue.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

### COUNT VII [sic]
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.   Defendants incorporate by reference their answers to paragraphs 1-61.

63.   Denied as untrue.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

### COUNT VIII [sic]
### UNREASONABLE DEBT COLLECTION PRACTICES UNDER MICHIGAN LAW

64.   Defendants incorporate by reference their answers to paragraphs 1-63.

65. As to the allegation that the Defendant's (presumably Ocwen's) actions constitute unreasonable debt collection practices, no response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue. As to the allegation that Plaintiff has suffered losses and is at risk of losing her home through eviction, neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs. As to the allegation that Plaintiff has suffered emotional stress, neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

## COUNT IX [sic]
## VIOLATION OF THE MICHIGAN DEBT COLLECTION PRACTICES ACT

66. Defendants incorporate by reference their answers to paragraphs 1-65.

67. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

## COUNT X [sic]
## DECEPTIVE TRADE PRACTICES ACT

68. Defendants incorporate by reference their answers to paragraphs 1-67.

69. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation and therefore leave Plaintiff to her proofs.

70. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

## COUNT XI [sic]
## BREACH OF FIDUCIARY DUTY

71. Defendants incorporate by reference their answers to paragraphs 1-70.

72. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

## COUNT XII [sic]
## FRAUD

73. Defendants incorporate by reference their answers to paragraphs 1-72.

74. No response is necessary as the allegation pleads law not fact. To the extent that a response is necessary, denied as untrue.

75. No response is necessary as the allegation pleads law and a prayer for relief, not fact. To the extent that a response is necessary, denied as untrue.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

### COUNT XIII [sic]
### ATTORNEY FEES

76. Defendants incorporate by reference their answers to paragraphs 1-75.

77. No response is necessary as the allegation pleads law and a prayer for relief, not fact. To the extent that a response is necessary, denied as untrue.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

Respectfully Submitted,

Potestivo & Associates, P.C.

Dated: August 6, 2007

By: /s/ Amy E. Muszall
Amy E. Muszall (P64935)
Attorneys for Defendants
811 South Blvd. E, Suite 100
Rochester Hills, MI 48307
(248) 853-4400
amuszall@potestivolaw.com

Our File No. 07-73391                    12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

WENDY ADELSON,

    Plaintiff,

v

OCWEN FINANCIAL CORPORATION,
a foreign corporation, OCWEN LOAN
SERVICING LLC, a foreign corporation,
HSBC BANK, USA, N.A., assignee,
a foreign corporation, ACE SECURITIES
CORP., HOME EQUITY LOAN TRUST
2007-HE1, a foreign corporation,

    Defendants.

Case No: 4:07-cv-13142

Hon. Paul V. Gadola

| Lehman & Valentino, P.C. | POTESTIVO & ASSOCIATES, P.C. |
|---|---|
| By: Paul G. Valentino (P34239) | By: Brian A. Potestivo (P42893) |
| Attorney for Plaintiff |     David G. Marowske (P57261) |
| 43494 Woodward Ave., Ste. 203 |     Amy E. Muszall (P64935) |
| Bloomfield Hills, MI 48302 | Attorney for Defendants |
| (248) 334-7787 | 811 South Blvd. E, Suite 100 |
| | Rochester Hills, MI 48307 |
| | (248) 853-4400 |

## AFFIRMATIVE DEFENSES

    NOW COME, Defendants, Ocwen Loan Servicing, LLC ("Ocwen"), HSBC Bank USA, N.A. ("HSBC"), as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 (the "Ace Securities Trust"), by and through their attorneys, Potestivo & Associates, P.C., and for their Affirmative Defenses state as follows:

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Some or all of the Plaintiff's claims are barred by the Statute of Limitations.

Our File No. 07-73391    1

3. Some or all of the Plaintiff's claims are barred by the doctrine of laches.

4. Plaintiff's claims are barred by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the doctrine of estoppel.

6. Plaintiff's claims are barred by the doctrine of waiver.

7. Plaintiff's claims are barred by accord and satisfaction.

8. Plaintiff's claims are barred by the doctrine of release.

9. Plaintiff's claims are barred by the failure of a condition precedent.

10. Plaintiff's claims are barred by the failure of a condition subsequent.

11. Plaintiff's claims are barred by the Statute of Frauds.

12. Plaintiff's claims are barred by the Parol Evidence Rule.

13. Plaintiff's claims are barred by statute.

14. Plaintiff's claims are contrary to public policy.

15. Plaintiff first breached the parties' contract.

16. Plaintiff defaulted on the contract.

17. Plaintiff has failed to mitigate her damages.

18. Plaintiff's damages are the sole result of her own negligence and breach of the contract.

19. Plaintiff has suffered no damages.

20. Plaintiff assumed the risk of non-compliance with the agreement.

21. Plaintiff has failed to name the correct parties for this action.

22. Defendants provided Plaintiff with adequate notice of foreclosure.

23. Alleged violation of Michigan debt collection practices laws cannot serve to affect the validity or enforceability of the mortgage loan. M.C.L. 445.1680.

24. Defendants are exempt from the Michigan Consumer Protection Act, as they are adequately regulated by other, well-recognized state laws. M.C.L. § 445.904(1)(a). *See also Hanning v Homecomings Financial Networks,* 436 F.Supp.2d 865, 869 (W.D. Mich 2006).

25. Plaintiff's claim of fraud is not pled with particularity as required by Fed. R. Civ. P. 9(b).

26. There is no genuine issue of material fact and Defendants are entitled to judgment or partial judgment as a matter of law.

27. Any damages must be setoff against outstanding loan balances, fees, advances, and/or charges due and owing by the Plaintiff.

28. Insofar as Plaintiff has attempted to assert state-law challenges to fees and charges assessed on Plaintiff's mortgage, those challenges are preempted by federal banking law and regulations.

29. Insofar as Plaintiff has attempted to assert state-law challenges to fees and charges assessed by Ocwen pursuant to servicing Plaintiff's mortgage, those challenges are preempted by the federal Home Owners' Loan Act, 12 U.S.C. §§ 1461 et seq. and regulations promulgated thereunder.

30. Defendants reserve the right to amend and assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

                                                Respectfully Submitted,

                                                Potestivo & Associates, P.C.

Dated: August 6, 2007                By: /s/ Amy E. Muszall
                                                  Amy E. Muszall (P64935)
                                                  Attorneys for Defendants
                                                  811 South Blvd. E, Suite 100
                                                  Rochester Hills, MI 48307
                                                  (248) 853-4400
                                                  amuszall@potestivolaw.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

WENDY ADELSON,

    Plaintiff,

v

OCWEN FINANCIAL CORPORATION,
a foreign corporation, OCWEN LOAN
SERVICING LLC, a foreign corporation,
HSBC BANK, USA, N.A., assignee,
a foreign corporation, ACE SECURITIES
CORP., HOME EQUITY LOAN TRUST
2007-HE1, a foreign corporation,

    Defendants.

Case No: 4:07-cv-13142

Hon. Paul V. Gadola

| Lehman & Valentino, P.C. | POTESTIVO & ASSOCIATES, P.C. |
|---|---|
| By: Paul G. Valentino (P34239) | By: Brian A. Potestivo (P42893) |
| Attorney for Plaintiff |     David G. Marowske (P57261) |
| 43494 Woodward Ave., Ste. 203 |     Amy E. Muszall (P64935) |
| Bloomfield Hills, MI 48302 | Attorney for Defendants |
| (248) 334-7787 | 811 South Blvd. E, Suite 100 |
| | Rochester Hills, MI 48307 |
| | (248) 853-4400 |

## PROOF OF SERVICE

I, Amy E. Muszall, state that on the 7th day of August 2007, I served a copy of the Answer to Complaint, Affirmative Defenses and this Proof of Service upon:

Lehman & Valentino, P.C.
Attn: Paul Valentino
43494 Woodward Ave., Suite 203
Bloomfield hills, MI 48302
paul@lehman-valentino.com

by electronic filing.

                              /s/ Amy E. Muszall
                              Potestivo & Associates, P.C.
                              811 South Boulevard E, Suite 100
                              Rochester Hills, MI 48307
                              (248) 853-4400
                              amuszall@potestivolaw.com
                              P64935