# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

WENDY ADELSON,

    Plaintiff,

v

OCWEN FINANCIAL CORPORATION,
a foreign corporation, OCWEN LOAN
SERVICING LLC, a foreign corporation,
HSBC BANK, USA, N.A., assignee,
a foreign corporation, ACE SECURITIES
CORP., HOME EQUITY LOAN TRUST
2007-HE1, a foreign corporation,

    Defendants.

Case No: 4:07-cv-13142

Hon. Paul V. Gadola

---

| | |
|---|---|
| Lehman & Valentino, P.C.<br>By: Paul G. Valentino (P34239)<br>Attorney for Plaintiff<br>43494 Woodward Ave., Ste. 203<br>Bloomfield Hills, MI 48302<br>(248) 334-7787 | POTESTIVO & ASSOCIATES, P.C.<br>By: Brian A. Potestivo (P42893)<br>    David G. Marowske (P57261)<br>    Amy E. Muszall (P64935)<br>Attorney for Defendants<br>811 South Blvd. E, Suite 100<br>Rochester Hills, MI 48307<br>(248) 853-4400 |

## AMENDED AFFIRMATIVE DEFENSES

NOW COME, Defendants, Ocwen Loan Servicing, LLC ("Ocwen"), HSBC Bank USA, N.A. ("HSBC"), as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 (the "Ace Securities Trust"), by and through their attorneys, Potestivo & Associates, P.C., and for their Affirmative Defenses state as follows:

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Some or all of the Plaintiff's claims are barred by the Statute of Limitations.

Our File No. 07-73391                      1

3. Some or all of the Plaintiff's claims are barred by the doctrine of laches.

4. Plaintiff's claims are barred by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the doctrine of estoppel.

6. Plaintiff's claims are barred by the doctrine of waiver.

7. Plaintiff's claims are barred by accord and satisfaction.

8. Plaintiff's claims are barred by the doctrine of release.

9. Plaintiff's claims are barred by the failure of a condition precedent.

10. Plaintiff's claims are barred by the failure of a condition subsequent.

11. Plaintiff's claims are barred by the Statute of Frauds.

12. Plaintiff's claims are barred by the Parol Evidence Rule.

13. Plaintiff's claims are barred by statute.

14. Plaintiff's claims are contrary to public policy.

15. Plaintiff first breached the parties' contract.

16. Plaintiff defaulted on the contract.

17. Plaintiff has failed to mitigate her damages.

18. Plaintiff's damages are the sole result of her own negligence and breach of the contract.

19. Plaintiff has suffered no damages.

20. Plaintiff assumed the risk of non-compliance with the agreement.

21. Plaintiff has failed to name the correct parties for this action.

22. Defendants provided Plaintiff with adequate notice of foreclosure.

23. Alleged violation of Michigan debt collection practices laws cannot serve to affect the validity or enforceability of the mortgage loan. M.C.L. 445.1680.

24. Defendants are exempt from the Michigan Consumer Protection Act, as they are adequately regulated by other, well-recognized state laws. M.C.L. § 445.904(1)(a). *See also Hanning v Homecomings Financial Networks,* 436 F.Supp.2d 865, 869 (W.D. Mich 2006).

25. Plaintiff's claim of fraud is not pled with particularity as required by Fed. R. Civ. P. 9(b).

26. This court lacks personal jurisdiction over Ocwen Financial Corporation because Ocwen Financial Corporation lacks minimum contacts with the State of Michigan and the court's exercise of personal jurisdiction over Ocwen Financial Corporation would offend traditional notions of fair play and substantial justice.

27. There is no genuine issue of material fact and Defendants are entitled to judgment or partial judgment as a matter of law.

28. Any damages must be setoff against outstanding loan balances, fees, advances, and/or charges due and owing by the Plaintiff.

29. Insofar as Plaintiff has attempted to assert state-law challenges to fees and charges assessed on Plaintiff's mortgage, those challenges are preempted by federal banking law and regulations.

30. Insofar as Plaintiff has attempted to assert state-law challenges to fees and charges assessed by Ocwen pursuant to servicing Plaintiff's mortgage, those challenges are preempted by the federal Home Owners' Loan Act, 12 U.S.C. §§ 1461 et seq. and regulations promulgated thereunder.

31. Defendants reserve the right to amend and assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as trustee for the Ace Securities Corp. Home Equity Loan Trust, and Ace Securities Corp., Home

Our File No. 07-73391                                3

Equity Loan Trust 2007-HE1 respectfully request this Honorable Court deny the relief requested in Plaintiff's Complaint and dismiss it with prejudice.

                                                        Respectfully Submitted,

                                                        Potestivo & Associates, P.C.

Dated: August 16, 2007                    By: /s/ Amy E. Muszall
                                                           Amy E. Muszall (P64935)
                                                           Attorneys for Defendants
                                                           811 South Blvd. E, Suite 100
                                                           Rochester Hills, MI 48307
                                                           (248) 853-4400
                                                           amuszall@potestivolaw.com

Our File No. 07-73391                                4

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

WENDY ADELSON,

    Plaintiff,

v

OCWEN FINANCIAL CORPORATION,
a foreign corporation, OCWEN LOAN
SERVICING LLC, a foreign corporation,
HSBC BANK, USA, N.A., assignee,
a foreign corporation, ACE SECURITIES
CORP., HOME EQUITY LOAN TRUST
2007-HE1, a foreign corporation,

    Defendants.

Case No: 4:07-cv-13142

Hon. Paul V. Gadola

| Lehman & Valentino, P.C. | POTESTIVO & ASSOCIATES, P.C. |
|---|---|
| By: Paul G. Valentino (P34239) | By: Brian A. Potestivo (P42893) |
| Attorney for Plaintiff |     David G. Marowske (P57261) |
| 43494 Woodward Ave., Ste. 203 |     Amy E. Muszall (P64935) |
| Bloomfield Hills, MI 48302 | Attorney for Defendants |
| (248) 334-7787 | 811 South Blvd. E, Suite 100 |
| | Rochester Hills, MI 48307 |
| | (248) 853-4400 |

## PROOF OF SERVICE

    I, Amy E. Muszall, state that on the 17th day of August 2007, I served a copy of the Amended Affirmative Defenses and this Proof of Service upon:

    Lehman & Valentino, P.C.
    Attn: Paul Valentino
    43494 Woodward Ave., Suite 203
    Bloomfield hills, MI 48302
    paul@lehman-valentino.com

by electronic filing.

                        /s/ Amy E. Muszall
                        Potestivo & Associates, P.C.
                        811 South Boulevard E, Suite 100
                        Rochester Hills, MI 48307
                        (248) 853-4400
                        amuszall@potestivolaw.com
                        P64935